# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUAY LOUIS GHAREEB JAZRAWI,<br><br>　　　　　Petitioner,<br><br>v.<br><br>CHAD WOLF, Secretary of the United States Department of Homeland Security; WILLIAM P. BARR, Attorney General of the United States; San Diego Field Office Director, Office of Detention and Removal Operations, U.S. Immigration and Customs Enforcement Agency<br><br>　　　　　Respondents. | CASE NO. 20-cv-2338-GPC-KSC<br><br>**ORDER:**<br><br>**(1) DENYING RESPONDENTS' MOTION TO DISMISS AS MOOT; AND**<br><br>**(2) DIRECTING RESPONDENTS TO FILE RETURN ON THE MERITS OF THE PETITION** |

On November 27, 2020 Petitioner Luay Louis Ghareeb Jazrawi ("Petitioner"), then detained at the Otay Mesa Detention Center in the custody of the U.S. Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), filed a petition for writ of habeas corpus pursuant to 28

- 1 -

U.S.C. §2241 seeking an order directing Respondents to release Petitioner from custody and enjoining Respondents from further unlawful detention of Petitioner under *Zadvydas v. Davis*, 533 U.S. 678 (2001). ECF No. 1. On January 6, 2021, Respondents filed a return contending that the Petition is moot because Petitioner was released from ICE custody on an order of supervision on December 11, 2020. ECF No. 6. For the reasons that follow, the Court **DENIES** Respondents' request to dismiss the case as moot.

## I. Legal Standard

"At any stage of the proceeding a case becomes moot when 'it no longer present[s] a case or controversy under Article III, § 2 of the Constitution.'" *Abdala v. INS*, 488 F.3d 1061, 1063 (9th Cir. 2007) (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). A case is moot when the court can no longer grant effective relief. *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997), *as amended* (Sept. 16, 1997). Federal courts cannot exercise jurisdiction over a case if it is moot, but "[t]he burden of demonstrating mootness is a heavy one." *West v. Sec'y of Dep't of Transp.*, 206 F.3d 920, 924 (9th Cir. 2000) (quoting *Northwest Envt'l Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244 (9th Cir. 1988)). Additionally, when a party voluntarily ceases the allegedly unlawful conduct, that party "bears a formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 189 (2000).

## II. Discussion

Here, Petitioner seeks release from detention as well as an order enjoining Respondents from unlawfully detaining Petitioner, which potentially encompasses a request for prospective relief. ECF No. 1 at 6–8. Respondents filed a one-page Return arguing that the Court should dismiss the Petition because it is moot due to Petitioner's placement on an order of supervision. ECF No. 6.

The Ninth Circuit has noted that in some situations, "a habeas petition does not continue to present a live controversy once the petitioner is released from [immigration] custody." *Abdala*, 488 F.3d at 1064.  However, more recently, the Ninth Circuit in *Rodriguez v. Hayes* found that a habeas petitioner's case was not mooted by his release from immigration custody and placement on an order of supervision because his release could be revoked pursuant to the Government's discretion and he faced other restrictions on his liberty.  *Rodriguez v. Hayes*, 591 F.3d 1105, 1117–18 (9th Cir. 2010); *cf. Clark v. Martinez*, 543 U.S. 371, 376 n. 3 (2005) (noting that petition under *Zadvydas* still presented a live case or controversy despite petitioner's release on parole); *Nadeem v. Crawford*, 465 F. App'x 659, 660 (9th Cir. 2012) ("Nadeem's release subject to an order of supervision does not render his habeas petition moot where his release may be revoked at any time in the exercise of discretion, *see* 8 C.F.R. § 241.4(1)(2)(i), and is contingent on electronic monitoring, scheduled and unscheduled meetings with a detention officer, and a curfew.").

It is not clear from the one-page Return and the attached Order of Supervision filed by Respondents whether Respondents retain discretion to re-detain Petitioner unless it becomes reasonably foreseeable that the Government will be able to remove him or another lawful basis for his detention arises.  *See Zadvydas*, 533 U.S. at 699–700; *Clark*, 543 U.S. at 376 n.3.  The Court therefore cannot conclude at this stage that no effective relief could be granted on the Petition.  *Cf. Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 990 (C.D. Cal. 2018) ("Because Plaintiffs may be re-detained at any time, they retain a live interest in habeas relief."); *Singh v. Acting Dir. of DHS-ICE*, No. 5:19-CV-02417-GW-MAA, 2021 WL 674122, at *2 (C.D. Cal. Feb. 19, 2021) ("Petitioner's conditional release has not rendered the Petition moot."); *Farez-Espinoza v. Napolitano*, No. 08 CIV. 11060HB, 2009 WL 1118098, at *7 (S.D.N.Y. Apr. 27, 2009) (finding petitioner's release on revocable bond "fits comfortably within the voluntary cessation

exception to the mootness doctrine"). Further, Petitioner seeks "injunctive relief enjoining Respondents from further unlawful detention of Petitioner." ECF No. 1 at 8. Regardless of whether Petitioner can show he is entitled to such an injunction, his request for prospective relief preventing Respondents from detaining him unlawfully in the future cannot be mooted by his present release on an order of supervision.

Accordingly, the Court finds that Respondents have failed to carry their burden of showing that the Petition is moot.

### III.   Conclusion

The Court therefore **DENIES** Respondents' motion to dismiss the Petition as moot.

In light of the Court's finding that Respondents have failed to show the Petition is moot, the Court **ORDERS** that Respondents file a Supplemental Return responding to the merits of the Petition. Respondents shall file their Supplemental Return on or before **April 16, 2021**. Petitioner may file a Traverse or Reply on or before **May 14, 2021**.

**IT IS SO ORDERED.**

Dated: March 15, 2021

Hon. Gonzalo P. Curiel
United States District Judge