**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUAY LOUIS GHAREEB JAZRAWI,<br><br>         Petitioner,<br><br>v.<br><br>CHAD WOLF, Secretary of the United States Department of Homeland Security; WILLIAM P. BARR, Attorney General of the United States; San Diego Field Office Director, Office of Detention and Removal Operations, U.S. Immigration and Customs Enforcement Agency<br><br>         Respondents. | Case No. 20-cv-2338-GPC-KSC<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE** |

On November 27, 2020 Petitioner Luay Louis Ghareeb Jazrawi ("Petitioner"), then detained at the Otay Mesa Detention Center in the custody of the U.S. Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), filed a petition for writ of habeas corpus pursuant to 28

U.S.C. §2241 seeking an order directing Respondents to release Petitioner from custody and enjoining Respondents from further unlawful detention of Petitioner under *Zadvydas v. Davis*, 533 U.S. 678 (2001). ECF No. 1 ("Petition"). On January 6, 2021, Respondents filed a return contending that the Petition is moot because Petitioner was released from ICE custody on an order of supervision on December 11, 2020. ECF No. 6. The Court denied Respondents' motion to dismiss because the Government failed to argue or establish that Petitioner would not be unlawfully re-detained in the future, and directed Respondents to file a supplemental return. ECF No. 7. Respondents have now done so. ECF No. 8. Petitioner has not filed a reply.

For the reasons that follow, the Court DISMISSES the Petition without prejudice.

## I. Background

Petitioner is a citizen of Iraq and is subject to a final order of removal. ECF No. 8-2 at 2, 19. Petitioner filed this Petition while in ICE custody, contending that Respondents continued to detain him beyond the presumptively reasonable six-month period to effectuate removal despite there being no reasonable foreseeability of his removal to Iraq.[1] Petition ¶ 1; *Zadvydas*, 533 U.S. at 701. Petitioner argues that there is no significant likelihood of removal to Iraq because of travel restrictions imposed as a result of the COVID-19 pandemic and ICE's inability to coordinate a flight for him. Petition ¶¶ 15, 17–19. Respondents maintain that removal is reasonably foreseeable because the uncertainty due to COVID-19 travel restrictions will not be indefinite. ECF No. 8 at 6. However, on December 11, 2020, Petitioner was released on bond and an order of supervision because flights to Iraq were still unavailable due to the pandemic. ECF No. 6-1;

---

[1] In his Petition, Petitioner also states that he would be subject to persecution were he to be removed to Iraq. Petition ¶¶ 1, 15. However, the Court does not have jurisdiction to review Petitioner's removal order. 8 U.S.C. § 1252(a)(5), (g); *Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1140–41 (9th Cir. 2008).

ECF No. 8-2 at 30; ECF No. 8-1 ("Nobleza Decl.") ¶ 15. The release notification provides that Petitioner's release is subject to certain conditions and that Petitioner would be required to surrender to ICE for removal once a travel document is obtained, although Petitioner's deportation officer notes that this is an error and that Petitioner will instead be required to surrender once a flight itinerary for Petitioner is secured. ECF No. 8-2 at 30; Nobleza Decl. ¶ 17. In their supplemental return, Respondents argue that the Petition is moot because the order of supervision only permits Respondents to re-detain Petitioner if he violates a condition of supervision, if his removal to Iraq becomes "imminently feasible with a valid travel document and an available flight itinerary," or if there is another lawful basis for his detention. ECF No. 8 at 7–8. This contention is supported by a declaration of Petitioner's deportation officer. Nobleza Decl. ¶ 19.

## II. Legal Standard

"At any stage of the proceeding a case becomes moot when 'it no longer present[s] a case or controversy under Article III, § 2 of the Constitution.'" *Abdala v. INS*, 488 F.3d 1061, 1063 (9th Cir. 2007) (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). A case is moot when the court can no longer grant effective relief. *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997), *as amended* (Sept. 16, 1997). Federal courts cannot exercise jurisdiction over a case if it is moot, but "[t]he burden of demonstrating mootness is a heavy one." *West v. Sec'y of Dep't of Transp.*, 206 F.3d 920, 924 (9th Cir. 2000) (quoting *Northwest Envt'l Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244 (9th Cir. 1988)). Additionally, when a party voluntarily ceases the allegedly unlawful conduct, that party "bears a formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 189 (2000).

\ \ \

### III. Discussion

The Court previously noted that a habeas petition seeking release from immigration custody may not be mooted by the petitioner's release if the release could be revoked pursuant to the Government's discretion or faced other restrictions on his liberty. ECF No. 7 at 3 (citing *Rodriguez v. Hayes*, 591 F.3d 1105, 1117–18 (9th Cir. 2010); *cf. Clark v. Martinez*, 543 U.S. 371, 376 n.3 (2005); *Nadeem v. Crawford*, 465 F. App'x 659, 660 (9th Cir. 2012)). Petitioner's deportation officer now attests that Petitioner will not be re-detained unless Petitioner violates a condition of his supervision, his removal becomes "imminently feasible with a valid travel document and an available flight itinerary," or another lawful basis for his detention arises. Nobleza Decl. ¶ 19.

Respondents have presented a declaration under penalty of perjury that the Government has not retained discretion to re-detain Petitioner absent the conditions identified. This distinguishes his case from the petitioners in *Rodriguez* and *Clark* who faced the prospect of future detention contingent on the Government's discretion. *Rodriguez*, 591 F.3d 1117–18; *Clark*, 543 U.S. at 376 n.3. Here, if the Court determined "that the Government lacks the authority to continue to detain [Petitioner], he would have to be released, and could not be taken back into custody unless he violated the conditions of release . . . or his detention became necessary to effectuate his removal." *Clark*, 543 U.S. 371, 376 n.3. Petitioner has been released and cannot be taken back into custody unless ICE has both valid travel documents for him and a travel itinerary permitting him to be imminently removed, a separate lawful basis for his detention arises, or he violates the conditions of his order of supervision, which are authorized by 8 U.S.C. § 1231(a)(3). *See Tuan Thai v. Ashcroft*, 366 F.3d 790, 799 (9th Cir. 2004). In these circumstances, the Petition no longer presents a live case or controversy because the Court cannot order effective relief beyond what Respondents have already provided. As Petitioner has not filed a reply, the Court cannot determine whether

Petitioner challenges any of the conditions of his release or whether other collateral consequences of detention may be redressed through the Petition. *Cf. Rodriguez*, 591 F.3d at 1118 (noting that even though petitioner had been released, the petition also challenged the strict limitations placed on his freedom by the order of supervision). Accordingly, because Petitioner has already received all the relief he sought in the Petition, the Court finds that the Petition for Writ of Habeas Corpus is moot.

Petitioner also seeks "injunctive relief enjoining Respondents from further unlawful detention of Petitioner." ECF No. 1 at 8. However, the lawfulness of Petitioner's future detention depends on the foreseeability of Petitioner's removal at that point in time. Because it is impractical for the Court to determine whether Petitioner's removal may become reasonably foreseeable at some future date that Respondents seek to detain him and Petitioner is not currently faced with the prospect of being unlawfully re-detained, the question is not ripe.[2] *See Richardson v. City & Cty. of Honolulu*, 124 F.3d 1150, 1160 (9th Cir. 1997) ("Whether a claim is ripe generally turns on the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration."); *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 808 (2003) (ripeness can be considered sua sponte); *cf. Zebdieh v. Sessions*, No. 5:17-CV-01646-SVW-KES, 2018 WL 3155711, at *4 (C.D. Cal. June 25, 2018) (finding request for injunction not ripe because it was "not clear that (1) another detention of Petitioner will occur, or (2) that any future detention will violate the holding of *Zadvydas*," and because petitioner had not demonstrated harm from delayed consideration as he was not currently detained).

\ \ \

\ \ \

---

[2] The Petition may also be dismissed without prejudice for failure to prosecute because Petitioner has not informed the Court of his current address within 60 days after the Court's previous order was returned as undeliverable. *See* Civ. L.R. 83.11(b).

## IV.    Conclusion

The Court therefore **DISMISSES** the Petition for Writ of Habeas Corpus without prejudice.

**IT IS SO ORDERED.**

Dated:  July 12, 2021

Hon. Gonzalo P. Curiel
United States District Judge